IN THE

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

NO. 13-12440-A

---

UNITED STATES OF AMERICA,

Appellee,

vs.

DWAIN D. WILLIAMS,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

---

BRIEF OF DEFENDANT-APPELLANT

---

INGRID P. DRISKELL
Attorney At Law
414 West Society Avenue
Post Office Box 142
Albany, Georgia 31702

IN THE

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

NO. 13-12440-A

---

UNITED STATES OF AMERICA,

Appellee,

v.

DWAIN D. WILLIAMS,

Defendant-Appellant.

---

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

1.  Demetria Nicole Williams, Federal Defender

2.  Catherine Michelle Leek, Federal Defender

3.  Morad Fakhimi, Federal Defender

4.  James Crane, Assistant United States Attorney

5.  Leah McEwen, Assistant United States Attorney

6.  Mi Yung Claire Park, United States Department of Justice

7.  Michelle Schieber, United States Department of Justice

8.    John Alex Romano, United States Department of Justice

9.    The Honorable W. Louis Sands

10.    Shondrekia Lambert - Witness

11.    Marcie Williams - Witness

12.    Dr. Connie Schenk - Witness

13.    Ausia Fleming - Witness

14.    Lakee McNeil – Witness

15.    Gloria McNeil – Witness

16.    Morris Williams – Witness

17.    Tre Williams – Witness

18.    Dwain Williams – Appellant

19.    Ingrid P. Driskell – Attorney for Appellant


Respectfully submitted,
/s/ Ingrid P. Driskell
INGRID P. DRISKELL
P.O. Box 142
Albany, GA 31702
Phone: (229) 436-6611
Fax: (229) 436-6280
E-mail: *ipdriskell@aol.com*
Georgia Bar No.: 230445

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not believe the issues raised in this appeal merit oral argument.

## <u>CERTIFICATE OF TYPE AND STYLE</u>

The size and style of type used in this brief is 14 point Times New Roman.

## TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND

CORPORATE DISCLOSURE STATEMENT ………………………..…2

STATEMENT REGARDING ORAL ARGUMENT ………………………4

CERTIFICATE OF TYPE AND STYLE …………………………....5

TABLE OF CONTENTS……………………………………………6

TABLE OF AUTHORITIES……………………………………..8

TABLE OF RECORD EXCERPTS IN BRIEF……………………….10

STATEMENT OF SUBJECT MATTER AND APPELLATE

JURISDICTION………………………………………………11

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW………..…12

STATEMENT OF THE CASE…………………………………..…13

    I.    COURSE OF PROCEEDINGS INCOURTSBELOW……… 13

    II.    STATEMENT OF FACTS………………………….........…15

STANDARD OF REVIEW……………………………………...16

SUMMARY OF THE ARGUMENT……………………………….17

ARGUMENT AND CITATIONS OF AUTHORITY………..………..…18

    I.    INTRODUCTION…………………………………………18

    II.    COUNSEL CANNOT IN GOOD FAITH ARGUE ANY

        ISSUE ON THIS APPEAL.  COUNSEL FILES THIS BRIEF

PURSUANT TO <u>Anders v. California</u>, 386 U.S. 738, 87 S.CT. 1396 (1967); <u>United States v. Blackwell</u>, 767 F.2D 1486 (11TH CIR. 1985) AND <u>United States v. Edwards</u>, 822 F.2D 1012 (11TH CIR. 1987) …………..…………………………………19

CONCLUSION………………………………………………………..24

CERTIFICATE OF SERVICE……………………………………….25

TABLE OF AUTHORITIES

CASES                                                          PAGE

Anders v. California,

    386 U.S. 738, 87 S.Ct. 1396 (1967)…………………12, 16, 17, 18, 19

United States v. Blackwell,

    767 F.2d  1486 (11TH Cir. 1985)……….…………….…12, 16, 17, 19

United States v. Booker,

    543 U.S. 220, 125 S.Ct. (2005)...……….…………………...19, 20

United States v. Edwards,

    822 F.2d 1012 (11TH Cir. 1987)...………………………...12, 16, 17, 19

United States v. Houser,

    70 F.3d  87  (11TH Cir. 1995) …………….………..…………….23, 26

United States v. Lewis,

    115 F.3d 1531 (11th Cir. 1997)………………………….……23

STATUTES                                                      PAGE

18 U.S.C.A. § 3231…………………………………………………...11

28 U.S.C.A. § 1291…….....………………………………………...11

18 U.S.C. § 2423(c)…………………………………………....13, 20

18 U.S.C. § 2243 (a)(1) and (2)…………………………………..13. 20

18 U.S.C. § 3261(a)(1) ……………………………………… ... 13,20,21

18 U.S.C. § 2241(a) and (b)……………………………………………20, 21

18 U.S.C. § 2241(c)………………………………………………………13, 20

18 U.S.C. § 2244 (a)……………………………………………………...13

UNITED STATES SENTENCING GUIDELINES                    PAGE

U.S.S.G. § 2A3.1(a)(2)…………………….………………………  20,21

U.S.S.G. § 2A3.1(b)(3)………....………………………………… 20, 21

U.S.S.G. § 2A3.1(b)(2)………………………………………...20, 21

U.S.S.G. § 3D1.1…...……………………………………………21

U.S.S.G. § 3D1.4…...……………………………………………22

U.S.S.G. § 4B1.5(b)(1)…………………………………...…...22

## TABLE OF RECORD REFERENCES IN THE BRIEF

| Brief Page # | Document | Docket # |
|---|---|---|
| 13 | Indictment | 1 |
| 13 | Superseding Indictment | 57 |
| 13 | Minute Entry from Trial Proceedings August 17, 2010 through August 19, 2010 | 107,108,109 |
| 13 | Jury Verdict | 115 |
| 14 | Sentencing | 125 |
| 14 | Judgment | 127 |
| 14 | Notice of Appeal | 131 |
| 14 | Order Dismissing Appeal | 148 |
| 14 | Order Reinstating Appeal | 149 |
| 14 | Order/Opinion of USCA | 151 |
| 14 | Judgment of USCA | 152 |
| 14,22,23 | Resentencing | 156 |
| 11,14,23 | Amended Judgment | 158 |
| 14 | Notice of Appeal | 160 |
| 20 | Pre-Sentence Investigation Report | Sealed |
| 15,22 | Sentencing Hearing Transcript | 165 |

## STATEMENT OF SUBJECT MATTER AND

## APPELLATE JURISDICTION

The United States District Court for the Middle District of Georgia had original jurisdiction over this case under 18 U.S.C.A Section 3231.

This Court has jurisdiction under 28 U.S.C.A. Section 1291 to review the final decision of the District Court, entered May 24, 2013, imposing the *Amended Judgment In A Criminal Case*. (*R.156.*)  A *Notice of Appeal* was timely filed and entered on May 30, 2013. (*R. 160.*)

## <u>STATEMENT OF THE ISSUES PRESENTED FOR REVIEW</u>

Counsel cannot in good faith argue any issue on this appeal. Counsel files this brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S.CT. 1396 (1967) <u>United States v. Blackwell</u>, 767 F.2D 1486 (11TH CIR. 1985), and <u>United States v. Edwards</u>, 822 F.2D 1012 (11TH CIR. 1987).

## STATEMENT OF THE CASE

### I. Course of Proceedings in Court Below

Dwain D. Williams, hereinafter, Appellant, was indicted in *Criminal Case No. 7:09 CR 00008* on July 14, 2009. He was charged in a two count indictment with one (1) count of aggravated sexual abuse of a child, and one (1) count of abusive sexual contact with a child. *(R. 1).* On May 5, 2010, the grand jury returned a three (3) count Superseding Indictment against Appellant. *(R. 57). Count One* charged Appellant with traveling in foreign commerce from the United States to Japan and engaging in illicit sexual conduct (18 U.S.C. Section 2423(c) and (e) i/c/w/ 18 U.S.C. Section 2243 (a)(1) and (2)). *Count Two* charged Appellant with aggravated sexual abuse of a child committed by a person accompanying a member of the Armed Forces Outside of the United States, in violation of 18 U.S.C. Section 3261(a)(1) and 2241(c). *Count Three* charged Appellant with abusive sexual contact with a child committed by a person accompanying a member of the Armed Forces outside of the United States, in violation of 18 U.S.C. Section 3261(a)(1) and 2244(a).

A jury trial of this case took place in Valdosta, Georgia from August 17, 2010 through August 19, 2010, *(R. 107, 108, 109).* After deliberation, the jury convicted Appellant of all three counts in the Indictment. *(R. 115).*

On January 28, 2011, the Honorable Judge Sands sentenced Appellant to life imprisonment on each count, followed by life supervised release. *(R. 125). Judgment* was entered in the case on February 1, 2011. *(R. 127).*

A *Notice of Appeal* was timely filed on February 10, 2011 and docketed with this Court on February 14, 2011. (*R. 131*). The Court issued an Order granting Appellant's *Motion to Dismiss Criminal Appeal* on July 25, 2011. *(R. 148).* An Order *Reinstating the Appeal* was granted by this Court on October 17, 2011. *(R. 149).*

On February 15, 2013, this Court issued an Order *Affirming Appellant's Conviction, Vacating the Sentence, and Remanding* to the District Court for clarification of the sentence imposed. *(R. 151).* On March 19, 2013, the Court's opinion entered on February 15, 2013 was *Issued as Mandate*, and filed with the District Court on March 20, 2013. *(R. 152).* On May 16, 2013, the Honorable Judge Sands re-sentenced Appellant to 360 months on count (1) one, and life on counts (2) two and (3) three, respectively. *(R. 156.)* All counts were to run concurrently for a total term of imprisonment of life, followed by a term of supervised release of life. *(R. 156).* The *Amended Judgment* was filed on May 24, 2013. *(R. 158).*

A *Notice of Appeal* was filed on May 30, 2013 *(R. 160)*, and docketed with this Court.

## II. **Statement of the Facts**

The facts relevant to sentencing of the Appellant are amply illustrated in the record, as follows: *Transcript of Re-Sentencing Hearing* held on May 16, 2013. *(R. 165)*.

## **STANDARD OF REVIEW**

No standard of review is applicable since counsel files this brief

pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S.CT. 1396 (1967)

<u>United States v. Blackwell</u>, 767 F.2D 1486 (11TH CIR. 1985) and <u>United</u>

<u>States v. Edwards</u>, 822 F.2D 1012 (11TH CIR. 1987).

## SUMMARY OF THE ARGUMENT

Counsel files this brief pursuant to Anders v. California, 386 U.S. 738,

87 S.CT. 1396 (1967) and United States v. Blackwell, 767 F.2D 1486 (11TH

CIR. 1985) and United States v. Edwards, 822 F.2D 1012 (11TH CIR. (1987).

## ARGUMENT AND CITATIONS OF AUTHORITY

### I. INTRODUCTION

If an attorney wishes to withdraw from the representation of a Defendant, he is required to follow the rules set out in <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396 (1967).  He is required to submit to the Court a written request based upon counsel's opinion that, after conscientious examination of the transcript and the record, the appeal will be wholly frivolous.  He also has to accompany the request with a brief setting forth anything of which might arguably support the appeal.  The attorney is required to finally give the client a copy of the brief so the client has the opportunity to raise additional points if he wants to or to hire other counsel to represent him on appeal.

Counsel has submitted to the Court a Motion to Withdraw Appearance along with this brief.  Counsel has forwarded the brief and motion to withdraw to the Appellant at the following address:

Dwain D. Williams
Appellant
87737-020
USP TUCSON
United States Penitentiary
P.O. Box 24550
Tucson, Arizona  85734

II.    COUNSEL CANNOT IN GOOD FAITH ARGUE ANY ISSUE ON THIS APPEAL.    COUNSEL FILES THIS BRIEF PURSUANT TO <u>ANDERS V. CALIFORNIA</u>, 386 U.S. 738, 87 S.CT. 1396 (1967) <u>UNITED STATES V. BLACKWELL</u>, 767 F.2D 1486 (11ᵀᴴ CIR. 1985) AND <u>UNITED STATES V. EDWARDS</u>, 822 F.2D 1012 (11ᵀᴴ CIR. 1987).

Undersigned counsel has was present at Appellant's re-sentencing hearing.  Undersigned counsel has also reviewed the sentencing transcript and cannot in good faith raise any argument on appeal.  Furthermore, after said review of the record, including the Court's Order affirming Appellant's convictions, counsel cannot present any irregularity for the Court's consideration.

The only issue on appeal is whether sentence was properly imposed by the Court at Appellant's resentencing hearing.

### *Sentencing*

In <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), the United States Supreme Court removed the mandatory application of the United States Sentencing Guidelines (U.S.S.G) and made them advisory. However, it required "a sentencing Guideline ranges, but permits the court to

tailor the sentence in light of other statutory concerns as well" (cites omitted) Booker at 757.

### *Offense Level Computation*

The *Pre-Sentence Investigation Report* was prepared and completed on April 11, 2013. The following information is a summary of the Offense Level Computations taken from the report.

Appellant was sentenced in *count one* for a violation of 18 U.S.C. § 2423 (c) and (e) i/c/w 18 U.S.C. §§ 2243(a)(1) and (2). The statutory maximum term of imprisonment for the offense is thirty (30) years imprisonment followed by five (5) years to life supervised release. According to USSG §2A3.1(a)(2), the base offense level is 30. Since the offense involved conduct described at 18 U.S.C. §§ 2241(a) or (b), the offense level is increased by four (4) levels. The offense level is increased by four (4) levels because the victim had not attained the age of twelve (12) years when the abuse began. USSG §2A3.1(b)(2). Pursuant to USSG §2A3.1(b)(3), the offense level is increased by two (2) additional levels as the victim was in the custody, care, or supervisory control of the Appellant. The adjusted offense level for *count one* is 40.

In *count two*, Appellant was sentenced for a violation of 18 U.S.C. § 3261(a)(1) and 2241(c). The statutory maximum term of imprisonment for

the offense is thirty (30) years to life imprisonment, followed by five (5) years to live supervised release. According to USSG § 2A3.1(a)(1), the base offense level is 38. Since the offense involved conduct described at 18 U.S.C. §§ 2241(a) or (b), the offense level is increased by four (4) levels. Pursuant to USSG §2A3.1(b)(3), the offense level is increased by two (2) additional levels as the victim was in the custody, care, or supervisory control of the Appellant. The adjusted offense level for *count two* is 44.

In *count three*, Appellant was sentenced for a violation of 18 U.S.C. §§ 3261(a)(1) and 2244(a). The statutory maximum term of imprisonment for the offense is life imprisonment, followed by five (5) years to life supervised release. According to USSG § 2A3.1(a)(2) the base offense level is 30. Since the offense involved conduct described at 18 U.S.C. §§ 2241(a) or (b), the offense level is increased by four (4) levels. The offense level is increased by four (4) levels because the victim had not attained the age of twelve (12) years when the abuse began. USSG §2A3.1(b)(2). Pursuant to USSG §2A3.1(b)(3), the offense level is increased by two (2) additional levels as the victim was in the custody, care, or supervisory control of the Appellant. The adjusted offense level for *count 3* is 40.

USSG § 3D1.1 outlines the procedure for the determining the offense level since Appellant was convicted of multiple counts. Since the counts of

conviction allege conduct which involved separate, distinct acts, they are not considered distinct *Groups of Closely Related Counts*, and therefore cannot be grouped together for purposes of computing the offense level.

The offense level is determined in accordance with USSG §3D1.4. Pursuant to the calculations, the combined adjusted offense level is 47. Appellant received a Chapter Four Enhancement pursuant to USSG §4B1.5 (b)(1), inasmuch as his convictions show that he engaged in a pattern of activity involving prohibited sexual conduct. Appellant's total offense level is 52.

*Criminal History Computation*

The Appellant had no criminal history points, which reflects that a criminal history category of I.

The *Re-Sentencing Hearing* was held on May 16, 2013. *(R. 156).* The Court determined that Appellant's total offense level was 52, which is treated as an offense level of 43, and a Criminal History Category of I. *(R. 165-5).* The District Court took the Sentencing Guidelines under advisement, and considered the sentencing factors found at 18 U.S.C. § 3553(a). *(R. 165 -5).*

Appellant was sentenced to 360 months in prison as to *count one* (1). As to *counts two* (2) *and three* (3), Appellant was sentenced to life. Each count was sentenced to run concurrently, for a total term of imprisonment for life. Appellant was further sentenced to a term of supervised release for life, as to each count. *(R. 156)*.

### Standard of Review

"The district court's interpretation of the Sentencing Guidelines is subject to *de novo* review on appeal. <u>United States v. Lewis,</u> 115 F.3d 1531(11th Cir. 1997); <u>United States v. Houser,</u> 70F.3d 87(11th Cir.1995). A *de novo* review by this Court of the District Court's interpretation of the Sentencing Guidelines will reveal a correct interpretation of the guidelines.

Counsel can not raise any issues concerning whether any substantial rights of the Appellant were violated during the sentencing.

There are no issues that can be argued in good faith on this appeal.

## CONCLUSION

The Eleventh Circuit Court of Appeals should allow Counsel to withdraw from the representation of Appellant, Dwain D. Williams, for purposes of this appeal. Counsel has investigated the facts and researched the legal issues involved in this case. Counsel has determined that this appeal is frivolous and respectfully request permission to withdraw from the case.

Counsel has simultaneously filed with this brief a Motion to Withdraw. Counsel asks this Court to permit Counsel to withdraw and permit Appellant to file a brief on his own behalf, or to hire other counsel, if he so desires.

RESPECTFULLY SUBMITTED this 26th day of August, 2013.

INGRID P. DRISKELL
Attorney for Appellant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2013, that I have mailed by United States Postal Service the brief to the following:

MICHELLE L. SCHIEBER
Assistant United States Attorney
300 Mulberry Street, 4TH Floor
P.O. Box 1702
Macon, Georgia 31202,

and

DWAIN D. WILLIAMS
Appellant
87737-020
USP Tucson
United States Penitentiary
P.O. Box 24550
Tucson, Arizona  85734

Respectfully submitted,
/s/ Ingrid P. Driskell
INGRID P. DRISKELL
Attorney at Law
P.O. Box 142
Albany, GA 31702
Phone: (229) 436-6611
Fax: (229) 436-6280
E-mail:  ipdriskell@aol.com
Georgia Bar No: 230445